IN THE UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:21-cv-00090-KBD-DSC

| | |
|---|---|
| AMANDA LOCKLEAR and SABRA HART-WALKER, *On Behalf of Themselves and All Others Similarly Situated*, <br><br> Plaintiffs, <br><br> v. <br><br> RADIUS GLOBAL SOLUTIONS LLC, a Minnesota corporation, <br><br> Defendant. | **FIRST AMENDED CLASS ACTION COMPLAINT** <br> [JURY TRIAL DEMANDED] |

Plaintiffs Amanda Locklear and Sabra Hart-Walker ("Plaintiffs"), on behalf of themselves and all others similarly situated, through counsel, file this First Amended Class Action Complaint against Radius Global Solutions, LLC ("RGS" or "Defendant") and states as follows:

## NATURE OF THE ACTION

1. Action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), North Carolina Collection Agency Act, N.C.G.S. § 58-70 *et seq.* and North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.* ("NCDCA").

2. Defendant unreasonably disclosed, communicated and/or

publicized information regarding Plaintiffs' debts and all others similarly situated to another person.

3. This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all consumers about whom Defendant unlawfully communicated information regarding consumer debt to a third party, in violation of North Carolina and Federal law as further set forth herein.

## JURISDICTION AND VENUE

4. The foregoing allegations are incorporated by reference as if fully set forth herein.

5. The Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332(d)(2), 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) as Defendant regularly conducts business in this state; a substantial part of the events giving rise to the claim took place in this district; and Plaintiffs are domiciled in this judicial district.

## PARTIES

7. Plaintiff Locklear is a citizen and resident of Hickory, North Carolina in Catawba County, a "consumer" as defined in 15 U.S.C. 1692a(3),

N.C.G.S. § 58-70-90(2) and N.C.G.S. § 75-50(1), and allegedly owes a "debt" as defined in 15 U.S.C. 1692a(5), N.C.G.S. § 58-70-90(3) and N.C.G.S. § 75-50(2) to Defendant.

8. Plaintiff Hart-Walker is a citizen and resident of Newton, North Carolina in Catawba County, a "consumer" as defined in 15 U.S.C. 1692a(3), N.C.G.S. § 58-70-90(2) and N.C.G.S. § 75-50(1), and allegedly owes a "debt" as defined in 15 U.S.C. 1692a(5), N.C.G.S. § 58-70-90(3) and N.C.G.S. § 75-50(2) to Defendant.

9. Defendant Radius Global Solutions LLC is a Minnesota limited liability corporation existing under the laws of the State of Minnesota, with a principal office and place of business at 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439. Defendant transacts business in this state and throughout the country and can be served through its registered agent, the Corporation Service Company, at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615.

## FACTUAL ALLEGATIONS

10. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6) and N.C.G.S. § 75-50(3), and a "debt collection agency" as defined in N.C.G.S. § 58-70-90(1) and 58-70-15(a)-(b).

11. Defendant is regularly engaged in the business of collecting debt allegedly owed by consumers to others for profit in the State of North Carolina.

Its employees, affiliates, directors, agents, vendors, and attorneys act under the direction and supervision of Defendant within the scope of their actual or apparent authority. Therefore, Defendant is responsible and/or vicariously liable for the actions of its employees, affiliates, directors, agents, vendors and attorneys under, *inter alia*, the theory of *Respondeat Superior*. All references to Defendant mean Defendant, its owners, officers, agents, and/or employees.

12. The principal purpose of Defendant's business is debt collection.

13. Defendant uses instrumentalities of intrastate and interstate commerce, including telephone and mail in furtherance of its debt collection business.

14. Defendant alleges Plaintiffs owe a debt ("Debt" or "Debts").

15. The Debts are an alleged obligation of Plaintiffs to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The Debts do not arise from any business enterprise of Plaintiffs.

17. The Debts are a "debt" as that term is defined in 15 U.S.C. § 1692a(5), N.C.G.S. § 58-70-90(3) and N.C.G.S. § 75-50(2).

18. At an exact time known only to Defendant, the Debts were transferred to Defendant for collection.

19. Upon information and belief, at time the Debts were transferred to

4

Defendant for collection, the Debts were in default.

20. In effort to collect the Debts, Defendant contacted Plaintiffs by written correspondence.

21. Rather than preparing and mailing such written correspondence to Plaintiffs on its own, Defendant used a third-party to perform such activities on its behalf.

22. As part of utilization, Defendant conveyed information regarding the Debt to the third party.

23. Defendant's conveyance of information regarding the Debts to a third-party vendor is a communication as that term is defined in 15 U.S.C. 1692a(2).

24. Defendant's conveyance of information regarding the Debt to a third-party vendor is an unreasonable publication as described in N.C.G.S. § 58-70-105 and N.C.G.S. § 75-53.

25. The third party then populated some or all this information into a prewritten template, printed, and mailed the letters to Plaintiffs at Defendant's direction.

26. Plaintiff Locklear received and read two letters dated December 11, 2020 and January 15, 2021 on one Debt. Plaintiff Locklear also received and read two letters dated February 5, 2021 and March 23, 2021 on another Debt.

27. Plaintiff Hart-Walker received and read one letter dated February 6, 2020 on a Debt.

28. The letters received by Plaintiffs are referred to hereafter as "Letters."

29. The Letters were the initial written communications Plaintiffs received from Defendant concerning the Debts.

## CLASS ACTION ALLEGATIONS

30. The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

31. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action individually and on behalf of the following Classes which are tentatively defined as:

> **NC Class**: All consumers throughout the State of North Carolina where Defendant sent information concerning consumers' Debt to a third party without written permission of the consumer, which disclosure was made on or after a date four (4) years prior and to the filing of this Complaint.
>
> **FDCPA Subclass:** All consumers where Defendant sent information concerning consumers' Debt to a third party without prior consent of the consumer, which disclosure was made on or after one (1) year prior to the filing of this Complaint.

32. Excluded from the Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendant and

any entity in which Defendant has a controlling interest and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the Class.

33. *Numerosity*: Plaintiffs are unable to provide a specific number of members in each of the Classes because that information is solely in the possession of Defendant. However, the exact number of Class members, including the names and addresses of all Class members, will be easily ascertained through a review of Defendant's business records. Upon information and belief, each Class contains at least hundreds of consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

34. *Commonality*: Common questions of law and fact predominate over any individual issues that may be presented because Defendant's conveyance of information to a third party in a single action or series of actions constituted thousands of unlawful disclosures at substantially the same time. Common questions include, but are not limited to:

    a. Whether Defendant's transmission of information to a third party concerning Plaintiffs and all others similarly situated constitutes a violation of the FDCPA;

    b. Whether Defendant communicated with any person other than the consumer, his attorney, consumer reporting

7

agency, the creditor, or the attorney of the creditor, in connection with the collection of any debt in violation of the FDCPA;

c. Whether Defendant unreasonably publicized information regarding a consumer's debt in violation of the NCCAA;

d. Whether Defendant unreasonably publicized information regarding a consumer's debt in violation of the NCDCA; and

e. Whether Defendant communicated with any person other than the debtor or their attorney in violation of the NCCAA and NCDCA.

35. *Typicality*: The claims of Plaintiffs are typical of the claims of the proposed Classes and all are based on the same facts and legal theories, as all such claims arise out of Defendant's conduct.

36. *Adequate Representation*: Plaintiffs are adequate representatives of the Classes in that they do not have antagonistic or conflicting claims with other members of the Classes. Plaintiffs have retained counsel experienced in the prosecution of complex class actions, specifically including experience with consumer class actions.

37. Neither Plaintiffs nor counsel has any interests that might cause them not to vigorously pursue this action. Plaintiffs are aware of their responsibilities to the putative Classes and have accepted such

responsibilities.

38.  *Predominance and Superiority*: The Classes are appropriate for certification because questions of law and fact common to the members of the classes predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the classes is impracticable. Should individual Class members be required to bring separate actions, this Court or courts in other jurisdictions would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*
### (On behalf of the FDCPA Sub-Class)

39.  The forgoing allegations are hereby incorporated by reference as if fully set forth herein.

40.  Defendant acts as a "debt collector," as defined by the FDCPA, 15

U.S.C. § 1692a(6).

41. Defendant acted as a "debt collector" in contacting Plaintiffs.

42. Plaintiff Locklear and all members of the Sub-Class are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692a(3) since they are natural persons allegedly obligated to pay a consumer debt.

43. At all material times, Plaintiff Locklear's debts and the debts of the Sub-Class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

44. Defendant has collected or attempted to collect debt in violation of 15 U.S.C. § 1692c(b), in that it disclosed information to a third party without prior consent of the consumer.

45. FDCPA section 1692c(b) states in pertinent part that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

46. The third party does not fall within any exceptions provided for in 15 U.S.C. § 1692c(b).

47. Plaintiff Locklear did not consent to Defendant's communication to the third party concerning the Debts.

48. Plaintiff Locklear did not consent to Defendant's communication to the third party concerning Plaintiff's personal and/or confidential information.

49. Plaintiff Locklear did not consent to Defendant's communication with anyone concerning the Debts or Plaintiff's personal and/or confidential information.

50. Upon belief, Defendant has used a third party for these purposes thousands of times.

51. Defendant uses a third party for the sole purpose of maximizing profit.

52. Defendant uses a third party without regard to the propriety and privacy of the information it discloses to such third party.

53. Defendant uses third party with reckless disregard for the harm to Plaintiffs and the Sub-class that could result from Defendant's unauthorized disclosure of private and sensitive information to the third party.

54. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.

55. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

56. Defendant disclosed Plaintiff Locklear's private and sensitive information to a third party in violation of 15 U.S.C. § 1692f.

57. As a result of Defendant's unlawful conduct, Plaintiff Locklear and the Sub-class members are entitled to actual and statutory damages, reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
### Violations of North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.*
### (On behalf of the NC Class)

58. The foregoing allegations are hereby incorporated by reference as if fully set forth herein.

59. Defendant is a "debt collector" as defined by the NCDCA, N.C.G.S. § 75-50.

60. Plaintiffs and the North Carolina Class are "consumers" as that term is defined by N.C.G.S. § 75-50.

61. N.C.G.S. § 75-53 prohibits debt collectors from unreasonably publicizing information regarding a consumer's debt including, but not limited to, any communication with any person other than the debtor or his/her attorney.

62. Defendant violated N.C.G.S. § 75-53 by communicating information concerning consumer debts to a third party without the written permission of the debtors.

63. Plaintiffs, and others similarly situated, are entitled to recover statutory damages under the NCDCA for each instance in which an improper communication occurred.

64. As a result of Defendant's unlawful conduct, Plaintiffs and the Class Members are entitled to actual and statutory damages, reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION
### Violation of the North Carolina Collection Agency Act, N.C.G.S. § 58-70, *et seq.*
### (On behalf of the NC Class)

65. The foregoing allegation are hereby incorporated by reference as if fully restated herein.

66. Defendant is a "debt collection agency" as defined by the NCCAA, 58-70-90(1).

67. Plaintiffs and the NC Class are "consumers" as defined by N.C.G.S. 58-70-90(2).

68. N.C.G.S. § 58-70-105 prohibits a debt collection agency from unreasonably publicizing information regarding a consumer's debt including, but not limited to, any communication with any person other than the debtor or her attorney.

69. Defendant violated N.C.G.S. § 58-70-105 by communicating consumer debt information about Plaintiffs and Class members to a third party

13
Case 5:21-cv-00090-KDB-DSC   Document 8   Filed 09/03/21   Page 13 of 17

without the written permission of the Plaintiffs and Class members.

70. Plaintiffs, and others similarly situated, are entitled to recover statutory damages under the NCCAA for each instance in which an improper communication occurred.

71. As a result of Defendant's unlawful conduct, Plaintiffs and the Class members are entitled to statutory penalties, reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION
### Violation of the North Carolina Unfair and Deceptive Trade Practices Act: N.C.G.S. § 75-1.1
### (on behalf of the NC Class)

72. The foregoing allegations are hereby incorporated by reference as if fully set forth herein.

73. Pursuant to N.C.G.S. § 50-70-130(d), "the specific and general provisions of [the NCCAA] shall constitute unfair and deceptive acts or practices proscribed by G.S. 75.11 in the area of commerce [regulated by this Article]."

74. Pursuant to N.C.G.S. § 75-56(a), "the specific and general provisions of [the NCDCA] shall exclusively constitute the unfair or deceptive acts or practices proscribed by G.S. 75-1.1 in the area of commerce regulated by this Article."

75. Defendant's operation with consumers and consumer debt

constitutes commerce.

76. N.C.G.S. § 75-1.1 (the "UDTPA") prohibits "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."

77. The specific acts by Defendant are in or affecting commerce.

78. The specific acts by Defendant are unfair and deceptive, as defined by the UDTPA.

79. Plaintiffs have been subjected to pecuniary and non-pecuniary injuries resulting from Defendant's unfair and deceptive conduct.

80. Plaintiffs and others similarly situated are entitled to recover treble damages (for violations of the NCDCA), attorney's fees and costs if allowed by the discretion of the Court pursuant to Chapter 75 of the North Carolina General Statutes.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and all others similarly situated pray the Court for judgment as set forth below:

1. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiffs as Class representatives, and appointing the undersigned as Class Counsel;

2. Finding Defendant violated the FDCPA;

3. Finding Defendant violated the NCCAA;

4. Finding Defendant violated the NCDCA;

5. Adjudging Defendant liable under the causes of actions asserted above and awarding Plaintiffs and the members of the NC Class and FDCPA Sub-class (collectively, "Class members") actual and statutory damages pursuant to 15 U.S.C. 1692k, N.C.G.S. § 58-70-130 and N.C.G.S § 75-56;

6. Awarding Plaintiffs and Class members their reasonable attorney's fees and costs pursuant to the FDCPA, NCCAA and NCDCA;

7. That the compensatory damages of Plaintiffs and the Class members under the NCDCA be trebled by the Court pursuant to Chapter 75 of the North Carolina General Statutes;

8. For punitive damages to the extent allowed by law;

9. The costs of this action be taxed against Defendant;

10. For a trial by jury on all issues so triable;

11. Awarding pre- and post-judgment interest as allowed by law; and

12. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 3rd day of September, 2021.

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

/s/ Scott C. Harris
Scott C. Harris
N.C. Bar No.: 35328
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
sharris@milberg.com

Adam H. Cohen (to seek admission
*pro hac vice*)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (212) 594-5300
acohen@milberg.com

*Attorneys for Named Plaintiffs and the putative Classes*