UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| AMANDA LOCKLEAR and SABRA HART-WALKER, *on Behalf of Themselves and All Others Similarly Situated*, <br><br> Plaintiffs, <br><br> v. <br><br> RADIUS GLOBAL SOLUTIONS, LLC, <br><br> Defendant. | Case No. 5:21-cv-00090 <br><br> Judge Kenneth D. Bell <br><br> Mag. Judge David S. Cayer |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, Radius Global Solutions, LLC ("RGS"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this answer and affirmative defenses to the First Amended Class Action Complaint filed by plaintiffs, Amanda Locklear and Sabra Hart-Walker, and states:

### NATURE OF THE ACTION

1. RGS admits only that plaintiffs purport to bring this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, North Carolina Collection Agency Act ("NCCAA"), N.C.G.S. § 58-70 *et seq.*, and North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50 *et seq.,* but denies any and all damages, liability, and/or violations to the extent alleged in ¶ 1.

2. RGS denies the allegations in ¶ 2.

3. RGS admits only that plaintiffs purport to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but otherwise denies the allegations in ¶ 3 and further denies that this lawsuit meets the requirements of a class action.

## JURISDICTION AND VENUE

4. RGS reasserts the foregoing responses as if fully stated herein.

5. The allegations in ¶ 5 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 5 and leaves all matters of jurisdiction to the Court.

6. RGS does not contest venue but otherwise denies the allegations in ¶ 6.

## PARTIES

7. RGS denies the allegations in ¶ 7 concerning citizenship and residency for lack of knowledge or information sufficient to form a belief therein. The remaining allegations in ¶ 7 constitute legal conclusions or statements of law to which no response is required. In the event a response is required, RGS denies the remaining allegations in ¶ 7.

8. RGS denies the allegations in ¶ 8 concerning citizenship and residency for lack of knowledge or information sufficient to form a belief therein. The remaining allegations in ¶ 8 constitute legal conclusions or statements of law to which no response is required. In the event a response is required, RGS denies the remaining allegations in ¶ 8.

9. RGS admits that it is a foreign limited liability company with an office located at 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439 and has a registered agent for service located North Carolina as described but otherwise denies the allegations in ¶ 9.

## FACTUAL ALLEGATIONS

10. The allegations in ¶ 10 constitute legal conclusions or statements of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 10.

11. The allegations in ¶ 11 constitute legal conclusions or statements of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 11.

12. RGS admits it engages in the business of debt collection but otherwise denies the allegations in ¶ 12.

13. RGS admits that it uses the telephone and mail in the normal course of its business activities but otherwise denies the allegations in ¶ 13.

14. RGS admits unpaid accounts in plaintiffs' names were placed with RGS for collection but otherwise denies the allegations in ¶ 14.

15. RGS denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. RGS denies the allegations in ¶ 16 as for lack of knowledge or information sufficient to form a belief therein.

17. The allegations in ¶ 17 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 17.

18. RGS admits unpaid accounts in plaintiffs' names were placed with RGS for collection but otherwise denies the allegations in ¶ 18.

19. The allegations in ¶ 19 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belied therein.

20. RGS admits the allegations in ¶ 20.

21. RGS admits it contracted with a third-party mail vendor but otherwise denies the allegations in ¶ 21.

22. RGS denies the allegations in ¶ 22.

23. RGS denies the allegations in ¶ 23.

24. RGS denies the allegations in ¶ 24.

25. RGS denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

26. RGS denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27. RGS denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

28. The allegations in ¶ 28 contain plaintiffs' characterizations of documents and do not require an affirmative response. To the extent a response is required, RGS denies the allegations in ¶ 28.

29. The allegations in ¶ 29 refer to documents which speak for themselves and are the best evidence of their contents. To the extent these allegations vary from the documents, RGS denies the allegations in ¶ 29.

# CLASS ALLEGATIONS

30. RGS reasserts the foregoing responses as if fully stated herein.

31. RGS admits only that plaintiff purports to bring this action as a class action, but otherwise denies the allegations in ¶ 31 and denies this action meets the requirements of Fed. R. Civ. P. 23.

32. RGS admits only that plaintiff purports to exclude those individuals and entities from the Class as listed in ¶ 32 but otherwise denies the allegations in ¶ 32 and denies this action meets the requirements of Fed. R. Civ. P. 23.

33. RGS denies the allegations in ¶ 33 and denies this action meets the requirements of Fed. R. Civ. P. 23.

34. RGS denies the allegations in ¶ 34, including all subparts, and denies this action meets the requirements of Fed. R. Civ. P. 23.

35. RGS denies the allegations in ¶ 35 and denies this action meets the requirements of Fed. R. Civ. P. 23.

36. RGS denies the allegations in ¶ 36, and denies this action meets the requirements of Fed. R. Civ. P. 23.

37. RGS denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein and further denies this action meets the requirements of Fed. R. Civ. P. 23.

38. RGS denies the allegations in ¶ 38 and denies this action meets the requirements of Fed. R. Civ. P. 23.

# FIRST CAUSE OF ACTION
## [Alleged] Violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.
### (On behalf of the FDCPA Sub-Class)

39. RGS reasserts the foregoing responses as if fully stated herein.

40. The allegations in ¶ 40 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 40.

41. The allegations in ¶ 41 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 41.

42. The allegations in ¶ 42 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 42.

43. The allegations in ¶ 43 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 43.

44. RGS denies the allegations in ¶ 44.

45. The allegations in ¶ 45 constitute legal conclusions or statements of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 45.

46. The allegations in ¶ 46 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 46.

47. RGS denies the allegations in ¶ 47.

48. RGS denies the allegations in ¶ 48.

49. RGS denies the allegations in ¶ 49.

50. RGS denies the allegations in ¶ 50.

51. RGS denies the allegations in ¶ 51.

52. RGS denies the allegations in ¶ 52.

53. RGS denies the allegations in ¶ 53.

54. The allegations in ¶ 54 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 54.

55. RGS denies the allegations in ¶ 55.

56. RGS denies the allegations in ¶ 56.

57. RGS denies the allegations in ¶ 57.

## SECOND CAUSE OF ACTION
**[Alleged] Violations of North Carolina Debt Collection Act,
N.C.G.S. § 75-50,** *et seq.*
**(On behalf of the NC Class)**

58. RGS reasserts the foregoing responses as if fully stated herein.

59. The allegations in ¶ 59 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 59.

60. The allegations in ¶ 60 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 60.

61. The allegations in ¶ 61 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 61.

62. RGS denies the allegations in ¶ 62.

63. RGS denies the allegations in ¶ 63.

64. RGS denies the allegations in ¶ 64.

### THIRD CAUSE OF ACTION
### [Alleged] Violation of the North Carolina Collection Agency Act, N.C.G.S. § 58-70, *et seq*.
### (on behalf of the NC Class)

65. RGS reasserts the foregoing responses as if fully stated herein.

66. The allegations in ¶ 66 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 66.

67. The allegations in ¶ 67 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 67.

68. The allegations in ¶ 68 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 68.

69. The denies the allegations in ¶ 69.

70. RGS denies the allegations in ¶ 70.

71. RGS denies the allegations in ¶ 71.

## FOURTH CAUSE OF ACTION
### [Alleged] Violation of the North Carolina Unfair and Deceptive Trade Practices Act: N.C.G.S. § 75-1.1
### (on behalf of the NC Class)

72. RGS reasserts the foregoing responses as if fully stated herein.

73. The allegations in ¶ 73 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 73.

74. The allegations in ¶ 74 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 74.

75. The allegations in ¶ 75 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 75.

76. The allegations in ¶ 76 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 76.

77. The allegations in ¶ 77 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, RGS denies the allegations in ¶ 77.

78. RGS denies the allegations in ¶ 78.

79. RGS denies the allegations in ¶ 79.

80. RGS denies the allegations in ¶ 80.

The remainder of plaintiffs' complaint appears to constitute a prayer for relief, and RGS denies plaintiff is entitled to any relief, including the relief requested in the subparts (1) through (11). In further Answer to the Complaint, RGS avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts fail to state a claim against RGS upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent any violations are established, any such violations being denied, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no concrete injury in fact and accordingly lacks standing.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiffs was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of RGS, or for whom RGS is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Assuming plaintiffs suffered any damages, which is denied, plaintiffs have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages.

## SIXTH AFFIRMATIVE DEFENSE

This action cannot be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, this Court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in the underlying agreement applicable to plaintiffs' accounts.

## EIGHTH AFFIRMATIVE DEFENSE

One or more claims asserted by plaintiffs are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

WHEREFORE, Defendant, Radius Global Solutions, LLC, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated: September 17, 2021

Respectfully Submitted,

/s/ *Brian D. Roth*
Brian D. Roth, Esq. (18415)
Sessions Israel & Shartle, LLC
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: broth@sessions.legal

*Attorney for Defendant,*
*Radius Global Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, a copy of the foregoing was filed via CM/ECF and served on the following:

Scott C. Harris
Patrick Wallace
Milberg Coleman Bryson Phillips Crossman PLLC
900 W. Morgan Street
Raleigh, NC 27603
sharris@milberg.com
pwallace@milberg.com
*Attorneys for Amanda Locklear and*
*Sabra Hart-Walker*

/s/ *Brian D. Roth*
Brian D. Roth